IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MARIA SANTANA-RIVERA, | :: | MOTION TO VACATE |
| Movant pro se, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 4:10-CR-0019-RLV-WEJ-3 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 4:12-CV-0121-RLV-WEJ |

### **FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant pro se Maria Santana-Rivera's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [147] ("Motion to Vacate"), and the government's Response in Opposition [155]. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

### **I.     PROCEDURAL HISTORY**

A federal grand jury returned a fourteen-count indictment against Ms. Santana-Rivera and four co-defendants, charging Ms. Santana-Rivera in Count One with conspiracy to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and a mixture and

substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii), 841(b)(1)(C), and 846; in Count Eleven with possessing with the intent to distribute methamphetamine, in violation of §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; in Count Twelve with possessing with the intent to distribute 500 grams or more of methamphetamine, in violation of §§ 841(a)(1), 841(b)(1)(A)(viii), and 18 U.S.C. § 2; and in Count Thirteen with illegally reentering the United States following deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Indict. [1].) Ms. Santana-Rivera pleaded guilty to Counts Twelve and Thirteen pursuant to a negotiated plea agreement in which the government agreed to dismiss the remaining counts. (Guilty Plea and Plea Agreement [110] 1, 5; Plea Tr. [152] 3-4.)

Ms. Santana-Rivera faced a statutory mandatory minimum sentence of ten years of imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii). According to the presentence investigation report ("PSI"), Ms. Santana-Rivera had four criminal-history points, which placed her in criminal-history category III. (PSI ¶¶ 67-70.) Specifically, Ms. Santana-Rivera received one criminal-history point for her May 6, 2005 guilty plea to an unrestrained-child charge (id. ¶ 67), and three criminal-history points for her February 6, 2007 guilty plea to a felony drug-trafficking charge (id. ¶ 68). Additionally, Ms. Santana-Rivera's base offense level was enhanced by sixteen levels,

2

pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on her 2007 felony drug-trafficking conviction, for which the sentence imposed exceeded thirteen months. (PSI ¶ 51.) On May 19, 2011, the Court sentenced Ms. Santana-Rivera to a total of 121 months of imprisonment. (J. [125].)

Ms. Santana-Rivera timely filed the instant Motion to Vacate, arguing that she received ineffective assistance of counsel during sentencing because: (1) counsel failed to object to the criminal-history point issued for her 2005 conviction when the sentence was imposed more than ten years prior to the commencement of the instant offense; (2) counsel failed to investigate and object that she should have received a lower offense-level enhancement for illegal reentry; (3) counsel failed to communicate and represent Ms. Santana-Rivera at key meetings regarding the PSI, which resulted in counsel's "lack of knowledge regarding key sentencing matters in this case, including prior criminal history"; and (4) counsel's errors during sentencing "led to a due process violation." (Mot. Vacate 4-5, 7-8, 18-21.) The government responds that Ms. Santana-Rivera's grounds for relief lack merit.[1] (Resp. 7-9.)

---

[1] The undersigned notes that Ms. Santana-Rivera's grounds for relief also appear to be barred by her valid sentence-appeal waiver. (See Guilty Plea and Plea Agreement 9-12; Plea Tr. 13); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes [a collateral attack upon] the

## II. DISCUSSION

A federal prisoner may file a motion to vacate her sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned **REPORTS** that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although a prisoner seeking collateral relief is entitled to an evidentiary hearing if relief is warranted by the facts he alleges, which the court must accept as true, a hearing is not required if the record conclusively demonstrates that no relief is warranted).

---

sentence through a claim of ineffective assistance of counsel during sentencing."). However, because the government did not raise this affirmative defense, this Report and Recommendation does not further address it.

4

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Id. at 697. A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Atkins v. Singletary, 965 F.2d 952, 958 (11th Cir. 1992) ("We also should always presume strongly that counsel's performance was reasonable and adequate."). Counsel is not incompetent so long as the particular approach taken could be considered sound strategy. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc); see also Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) ("[A] petitioner seeking to rebut the strong presumption of effectiveness bears a difficult burden."). Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."

5

Strickland, 466 U.S. at 691. "In the sentencing context, the defendant must show a reasonable probability that his sentence would have been different." United States v. Alvarez, 184 F. App'x 876, 881 (11th Cir. 2006) (per curiam).

All four of Ms. Santana-Rivera's grounds for relief concern two claims, both of which fail. First, Ms. Santana-Rivera's claim regarding the criminal-history point issued for her 2005 conviction lacks merit. The sentencing guidelines provide that a single criminal-history point is added to the criminal-history score for a prior conviction where the sentence imposed was less than sixty days. See U.S.S.G. § 4A1.1(a)-(c). However, such sentences that were imposed more than ten years prior to the commencement of the instant offense do not count. Id. § 4A1.2(e)(1)-(3). In this case, the conduct to which Ms. Santana-Rivera pleaded guilty occurred on or about March 16, 2010. (Indict. 6.) Thus, Ms. Santana-Rivera's 2005 conviction occurred well within the ten-year time bar, and she cannot show deficient performance by counsel for failing to raise this meritless objection to her criminal-history score. Ms. Santana-Rivera's second contention is difficult to decipher. It appears that she believes she should have received a lower offense-level enhancement for illegal reentry because her prior convictions were "old." (Mot. Vacate 19.) At the time Ms. Santana-Rivera was sentenced, the sentencing guideline for illegal reentry provided that sixteen

6

levels be added where the defendant was convicted of a drug-trafficking offense for which the sentence imposed exceeded thirteen months. U.S.S.G. § 2L1.2(b)(1)(A) (Nov. 2010). The illegal-reentry guideline was amended effective November 1, 2011, and now provides that a sixteen-level enhancement applies unless the drug-trafficking conviction "does not receive criminal history points," in which case the enhancement is only twelve levels. Id. § 2L1.2(b)(1)(A) (Nov. 2011). Even assuming that the amendment is retroactively applicable, Ms. Santana-Rivera would still receive a sixteen-level enhancement because the prior conviction on which it was based, her 2007 drug-trafficking conviction, received three criminal-history points. (PSI ¶ 51.) Ms. Santana-Rivera does not challenge those three criminal-history points. In any event, her 2007 drug-trafficking conviction occurred within ten years of the instant offense, and the criminal-history points were properly added pursuant to U.S.S.G. § 4A1.1(a). Therefore, Ms. Santana-Rivera also fails to show deficient performance by counsel on this ground.

### III. **CERTIFICATE OF APPEALABILITY**

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

7

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Ms. Santana-Rivera's claims for relief, the resolution of the issues presented is not debatable by jurists of reason; thus, the Court should deny a certificate of appealability.

## IV. **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that the Motion to Vacate [147] be **DENIED**, and that the Court **DECLINE** to issue a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

8

AO 72A
(Rev.8/82)

**SO RECOMMENDED**, this 23rd day of October, 2012.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)